UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**TRINIDAD ALVARADO,**

    Petitioner,

v.                                                      **Civil No. 4:23-cv-01018-P**

**BOBBY LUMPKIN, Director,
TDCJ- CID,**

    Respondent.

## MEMORANDUM OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Trinidad Alvarado, a state prisoner confined in the Ney State Jail Unit of the Correctional Institutions Division of the Texas Department of Criminal Justice ("TDCJ-CID"). After considering the pleadings and relief sought, the Court concludes that Alvarado's § 2254 petition should be and hereby is **DENIED**.

## BACKGROUND

Alvarado is in custody pursuant to the judgment and sentence of the 297th District Court of Tarrant County, Texas, in cause number 1542459D, styled *The State of Texas v. Trinidad Alvarado*. SHCR at 5–6, ECF No. 22-19.[1] Alvarado was indicted for the second-degree felony offense of possession of more than four grams of methamphetamine, enhanced by prior felony convictions for assault and possession with intent to deliver. *Id.* at 4. He pleaded not guilty, but a jury found him guilty as charged and, on October 24, 2019, assessed his sentence at forty years of incarceration. *Id.* at 5–6.

---

[1]"SHCR" refers to the State Habeas Clerk's Record of Alvarado's state habeas proceedings in *Ex parte Alvarado*, No. WR-94,615-01, followed by the applicable pages. This record is on the docket at ECF No. 22, 19–22.

1

The Second Court of Appeals affirmed Alvarado's conviction on November 4, 2021. *See Alvarado v. State*, No. 02-19-00401-CR, 2021 WL 5132530, slip op. (Tex. App. Fort Worth 2021, pet. ref'd). The Texas Court of Criminal Appeals ("TCCA") refused Alvarado's petition for discretionary review on June 29, 2022. *Alvarado v. State*, PDR No. 0933-21 (Tex. Crim. App. 2022).

On January 8, 2023, Alvarado filed a state habeas application challenging his conviction and sentence. *See* SHCR at 11-26, ECF No. 22-19. The state habeas court issued findings of fact and conclusions of law to recommend denying relief. *Id,* at 100-111. Based on those findings and its independent review, the TCCA denied relief on April 19, 2023. SHCR at "Action Taken," ECF No. 22-20.

Alvarado constructively filed the instant petition for federal habeas relief on September 24, 2023. Pet. 15, ECF No. 1. Although the petition was originally filed in the Western District of Texas, the case was transferred here on October 3, 2023. ECF No. 4. Because Alvarado initially failed to pay the filing fee, this Court dismissed his petition for want of prosecution on November 21, 2023. Order, ECF No. 8. Upon Alvarado's payment of the fee and filing of a motion to reinstate the case, the Court reinstated the case. Order, ECF No. 13. The case is now ripe for resolution.

The state appellate court summarized the facts from Alvarado's trial as follows:

> On March 5, 2018, Officers Jentry Cotten and Mark Stokes stopped a driver—later identified as Alvarado—who did not timely activate his turn signal and made an improper wide turn at an intersection. When Cotten approached the truck, Alvarado was "fidgeting [and] . . . shifting around in the car." Cotten saw a black case between the seats and asked Alvarado to get out of the truck. Alvarado said there was nothing illegal in the truck and consented to a search of the truck. The case Cotten had seen contained a small amount of crystal-like substance that appeared to be methamphetamine. Cotten gave the case and its contents to Stokes, arrested and

2

handcuffed Alvarado, and placed Alvarado in the back of the patrol car. Cotten then noticed a plastic bag on the ground where Alvarado had been standing during the search of the truck. The bag contained a larger amount of crystal-like substance that appeared to be methamphetamine. Later testing confirmed that the substance in the plastic bag was more than 4 grams of methamphetamine. After Alvarado was taken to the police station and formally read his rights, he admitted that he knew there was methamphetamine in the black case in the truck, that the plastic bag of methamphetamine on the ground was his, and that he had intended to deliver the plastic bag of methamphetamine to someone. He also stated that he "got caught with seven grams of ice"—methamphetamine.

*Alvarado v. State*, 2021 WL 5132530, at *1.

The Court understands Alvarado to claim:
> 1. The record establishes no legal justification for his detention, search, and arrest;
> 2. The police had neither probable cause nor consent to conduct a warrantless search;
> 3. His statement was illegally obtained through coercion;
> 4. The trial court's abuse of discretion deprived him of a fair proceeding; and,
> 5. He was deprived of constitutionally effective assistance of counsel.

Pet. 5-16, Brief 25-46, ECF No. 1.

## ANALYSIS

### A.   Standard of Review

Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in state criminal justice systems, not a substitute for ordinary error correction through appeal. For claims that were adjudicated in state court, § 2254(d) imposes a highly deferential

standard that demands a federal court grant habeas relief only where one of two conditions are present in the state court judgment. A federal court may grant relief if the state court adjudicated a constitutional claim contrary to, or unreasonably applied clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 100–01 (2011) (citing *(Terry) Williams v. Taylor*, 529 U.S. 362, 412 (2002)). Or the court may grant relief if the state court decision was based on an unreasonable determination of facts in light of the record. *Id.* Section 2254(d)'s standard is necessarily difficult to meet because it was so designed.

A state court's decision can be "contrary" to established federal law in two ways. *(Terry) Williams*, 529 U.S. at 405–06. *First*, if the state court applies a rule that contradicts Supreme Court precedent. *Id.* at 405. *Second*, if the state court confronts facts that are "materially indistinguishable" from relevant Supreme Court precedent, but the court reaches an opposite result. *Id.* at 406.

A state court decision applying the correct Supreme Court rule to the facts of a particular case is to be reviewed under the "unreasonable application" clause. *(Terry) Williams*, 529 U.S. at 406. A state court unreasonably applies Supreme Court precedent only if it correctly identifies the governing precedent but unreasonably applies it to the facts of a particular case. *Id.* at 407–09. The focus of this test is not on the state court's method of reasoning, but rather on its ultimate legal conclusion. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) ("It seems clear to us that a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision.").

To determine if the state court made an unreasonable application, a federal court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior

4

decision of this Court." *Harrington*, 562 U.S. at 87. Thus, "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree'" on the correctness of the state court's decision. *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Further, in reviewing a state court's merits adjudication for reasonableness, a federal court is limited to the record that was before the state court. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

The question for federal review is not whether the state court decision was incorrect, but whether it was unreasonable, which is a substantially higher threshold. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Federal courts look to the "last reasoned opinion" as the state court's "decision." *Salts v. Epps*, 676 F.3d 468, 479 (5th Cir. 2012). If a higher state court offered different grounds for its ruling than a lower court, then only the higher court's decision is reviewed. *Id.* "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 526 U.S. at 98; *see Johnson v. Williams*, 568 U.S. 289, 293 (2013) (holding there is a rebuttable presumption that the federal claim was adjudicated on the merits when the state court addresses some claims, but not others, in its opinion).

This Court must accept as correct any factual determinations made by the state courts unless Petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e); *see Ford v. Davis*, 910 F.3d 232, 234 (5th Cir. 2018) ("a state court's factual findings are presumed to be correct, and the applicant bears the burden of rebutting that presumption by clear and convincing evidence."). The presumption of correctness applies to both implicit and explicit factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact,

5

but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."); *see also Sumner v. Mata*, 449 U.S. 539, 546-47 (1981) (holding that state appellate courts' findings are entitled to the same respect that trial judges' findings receive). Deference to the factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez*, 274 F.3d at 951 (holding that "a full and fair hearing is not a precondition to according § 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying § 2254(d)'s standards of review."). Further, the district court can "infer the state court's factual findings" so long as "some indication of the legal basis for the state court's denial of relief" exists. *Ford*, 910 F.3d at 235 (citing *Goodwin v. Johnson*, 132 F.3d 162, 184 (5th Cir. 1997)).

Moreover, where the state's highest court's decision lacks any reasoning, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S.Ct. 1188, 1192 (2018).

Furthermore, an evidentiary hearing is precluded unless: (1) a petitioner's claims rely on a new rule of constitutional law or a factual predicate previously undiscoverable through the exercise of due diligence; and (2) the petitioner establishes by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty. 28 U.S.C. § 2254(e)(2). A failure to meet this standard of "diligence" will bar a federal evidentiary hearing in the absence of a convincing claim of actual innocence that can only be established by newly discovered evidence. *(Michael) Williams v. Taylor*, 529 U.S. 420, 436 (2000). For example, a petitioner's failure to present controverted, previously unresolved factual issues to the state court can qualify as a "failure" under the plain meaning of § 2254(e)(2). *Id.* at 433. However, Section 2254(e)(2) has "force [only] where §

6

2254(d)(1) does not bar federal habeas relief." *Pinholster*, 563 U.S. at 185. Accordingly, even if a petitioner can leap the § 2254(e)(2) hurdle, "evidence introduced in federal court has no bearing on § 2254(d)(1) review." *Id.* And whatever discretion remains after *Pinholster* to hold an evidentiary hearing, it is still appropriate to deny such a hearing if sufficient facts exist to make an informed decision on the merits. *Schriro v. Landrigan*, 550 U.S. 465, 474–75 (2007). Petitioner has not met this standard for a hearing.

Also, pre-AEDPA precedent forecloses habeas relief if a claim (1) is procedurally barred as a consequence of a failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); (2) seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288 (1989); or (3) asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted).

### B.   Ineffective Assistance Claim is Unexhausted and Barred (Ground 5)

Taking his last claim first, Alvarado claims he was deprived of constitutionally effective assistance when trial counsel (1) failed to object to Officer Cotten's testimony describing what he found in the truck and the methamphetamine in the black bag found on the ground; (2) failed to obtain Alvarado's mental health records and argue his diminished capacity when he provided his statement to police; (3) failed to object to the prosecutor's closing argument; and (4) played blackjack and solitaire on his personal laptop. Pet. at 16, Brief at 43-46, ECF No. 1. Because these ineffective assistance claims in Ground 5 were never presented to the TCCA, such claims are unexhausted and procedurally barred.

The exhaustion doctrine requires that state courts be given the initial opportunity to address and, if necessary, correct alleged

7

deprivations of federal constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To satisfy the exhaustion requirement, a claim must be presented to the highest court of the state for review—here, the TCCA. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). To proceed before that court, a petitioner must either file a petition for discretionary review (after his conviction is affirmed by an intermediate appellate court), Tex. R. App. P. 68.1, or an application for a post-conviction writ of habeas corpus. Tex. Code Crim. Proc. Ann. art. 11.07.

All grounds raised in a federal petition for writ of habeas corpus must have been "fairly presented" to the state courts prior to being presented to the federal courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971). In other words, for a claim to be exhausted, the state court system must have been presented with the same facts and legal theory upon which the petitioner bases his assertions. *Id.* at 275-77. "[I]t is not enough . . . that a somewhat similar state-law claim was made." *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001) (citing *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Where a "petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement." *Id.* at 259 (citing *Vela v. Estelle*, 708 F.2d 954, 958 n.5 (5th Cir. 1983)). "Exhaustion 'requires a state prisoner to present the state courts with the same claim he urges upon the federal courts.'" *Id.* at 261 (citing *Picard*, 404 U.S. at 276).

Additionally, to satisfy the exhaustion requirement, the petitioner must have not only presented his claims to the highest state court, but he must have presented them in a procedurally correct manner. *Castille*, 489 U.S. at 351. When a petitioner raises a claim in a procedural context in which its merits will not be considered, he has not "fairly presented" the claim to the state courts, and, therefore, has not satisfied the statutory exhaustion doctrine. *Id.*; *Satterwhite v.*

8

*Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989).

Alvarado has not exhausted Claim 5 because he did not raise it in his PDR or state writ application. *See Alvarado*, PDR No. 0933-21; SHCR at 11–48, ECF No. 22-19. Instead, he bypassed the TCCA to present the instant claim in federal court, depriving the TCCA of the opportunity to review and, if necessary, correct any constitutional deprivation that might have occurred with respect to his counsel's assistance. *See Castille*, 489 U.S. at 349; *Picard*, 404 U.S. at 275.

Notwithstanding Alvarado's failure to exhaust his state court remedies, however, Claim 5 is procedurally barred from federal habeas corpus review.[2] Even though this claim has not been reviewed by the TCCA, this Court may find it procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). The normal rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies and the state court to which he would be required to present his supporting facts would now find them to be procedurally barred. *Id.* In such cases, the federal procedural default doctrine precludes federal habeas corpus review. *Id.*; *see Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (finding unexhausted claim, which would be barred by the Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition, to be procedurally barred); *see also Emery v. Johnson*, 139 F.3d 191, 196 (5th Cir. 1997) (same).

Again, Alvarado has failed to exhaust Claim 5 because he did not raise it in a PDR or in his state writ application. Were this Court to

---

[2]The amended version of § 2254(b) provides that a federal court may deny a petitioner's application for habeas relief on the merits, notwithstanding his failure to exhaust state court remedies. 28 U.S.C. § 2254(b)(2) (2007). As the Supreme Court explained, the exhaustion requirement "is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law.'" *Gray v. Netherland*, 518 U.S. 152 (1996) (quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

require Alvarado to present this claim to the TCCA to satisfy the exhaustion requirement, however, it would be procedurally barred under the Texas abuse of the writ doctrine, codified at Tex. Code Crim. Proc. Ann. art 11.07 § 4. The Fifth Circuit has found that the TCCA applies its abuse of the writ rules regularly and strictly. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). Further, since the 1995 amendment of the Texas habeas corpus statute, the TCCA has applied abuse of the writ even more regularly and strictly. Now, the statute prohibits a Texas court from considering the merits of, or granting relief based on, a subsequent writ application filed after the final disposition of an inmate's first application unless he demonstrates the statutory equivalent of cause or actual innocence. Tex. Code Crim. Proc. Ann. art. 11.07 § 4(1)–(2).

For this Court to reach the merits of Alvarado's unexhausted and defaulted claim, he must demonstrate cause and prejudice or that the Court's failure to address the claim will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750–51. As Alvarado fails to allege—much less establish—either, this Court must dismiss his ineffective assistance claims listed in ground 5 with prejudice as unexhausted and procedurally barred.

### C. Alvarado's Fourth Amendment Claims are Not Cognizable (Grounds 1 and 2)

Alvarado claims he was subjected to an unlawful search and seizure when he was detained and his truck searched. Pet. 5-7, Brief 29-35. Fourth Amendment claims, however, are not cognizable in federal habeas.

Where a state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief. *Stone v. Powell*, 428 U.S. 465, 494 (1976). The Fifth Circuit has interpreted an "opportunity for full and fair litigation" to mean just that: "an opportunity." *Janecka v. Cockrell*, 301 F.3d 316, 320–21 (5th Cir. 2002) (citing *Caver v. Alabama*, 577

10

F.2d 1188, 1192 (5th Cir. 1978)), *cert. denied*, 537 U.S. 1196 (2003). "If a state provides the processes whereby a defendant can obtain full and fair litigation of a [F]ourth [A]mendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Id.* Texas provides such an opportunity; indeed, Alvarado employed it on direct appeal. *See* Appellant's Pro se Brief at 4–7, 11–14, *Alvarado v. State*, No. 02-19-00401-CR. Accordingly, this Court may not entertain Alvarado's Fourth Amendment grounds on federal habeas review. Thus, these claims must be denied.

### D.    The TCCA Reasonably Rejected Claims of Trial-Court-Error (Grounds 3 and 4)

In his third ground, Alvarado alleges his statement to police officers was coerced. Pet. 8, Brief 35–37, ECF No. 1. The Court interprets this claim to challenge the state trial court's admission of this statement. *See* SHCR at 20–21, 40–42, ECF No. 22-19. In his fourth ground, Alvarado alleges the trial court abused its discretion when it made findings on his motion to suppress evidence, depriving him of a fair trial. Brief 37–43, ECF No. 1. As explained below, because the TCCA dismissed both claims pursuant to an independent procedural rule, this Court is precluded from reaching the merits of these claims. Moreover, even if the Court were to reach the merits, Alvarado is not entitled to relief.

#### 1.    Procedural default precludes review of Grounds 3 and 4.

Procedural default of a petitioner's federal habeas claim occurs where the last state court to consider a claim "clearly and expressly" dismisses it based upon a state procedural rule that provides an adequate basis for denial of relief, independent of the merits. *Maples v. Thomas*, 132 S. Ct. 912, 922 (2012); *Coleman*, 501 U.S. at 731–32; *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001). The "independent" and "adequate" requirements are satisfied where the

11

court clearly indicates that its dismissal of a particular claim rests upon a state ground that bars relief, and that bar is strictly and regularly followed by the state courts. *Finley*, 243 F.3d at 218. This doctrine ensures that federal courts give proper respect to state procedural rules. *Glover v. Cain*, 446, 451 (2000). The application of an independent and adequate state procedural bar must be honored even if that state court has, in the alternative, reached the merits of the claim. *Harris v. Reed*, 489 U.S. 264, 269 n.10 (1989).

Alvarado did not raise Grounds 3 and 4 in his PDR after direct appeal, but instead asserted them in his state habeas application. In finding both claims procedurally barred, the state court applied the "well-settled" rule that "the [habeas] writ . . . should not be used to litigate matters which should have been raised on direct appeal." State Trial Court's Conclusions of Law, SHCR at 104, ECF No. 22-19 (quoting *Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1991) (internal quotations omitted)). The requirement that record-based claims be raised on direct appeal is an independent bar to federal habeas review. *Dorsey v. Quarterman*, 494 F.3d 527, 532 (5th Cir. 2007); *Scheanette v. Quarterman*, 482 F.3d 815, 827 (5th Cir. 2007).

Accordingly, Alvarado is precluded from federal habeas relief, absent a showing of cause and prejudice or that this Court's failure to consider these claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. 750; *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004). Again, Alvarado makes no such argument, which means Ground 3 and 4 are also procedurally barred from review in this federal proceeding.

> **E. Alternatively, Grounds 3 and 4 Must be Denied on the Merits**
>
> 1. <u>The trial court's ruling and related findings</u>

At trial, the State proffered Alvarado's recorded oral statement from his custodial interrogation. The Defense objected, asserting that the statement should be excluded on Fifth Amendment grounds and as

involuntary. 4 RR 17, ECF No. 22-6.[3] The trial court overruled the objection to admit Alvarado's statement into evidence. *Id*. Outside the presence of the jury, the trial court made findings of fact and conclusions of law on its denial of the defense's motion to suppress:

> Inregards to the Defense's motion to suppress, Court makes the following findings of fact, conclusions of law, certified Fort Worth police Officer Jentry Cotten testified truthfully. He was on routine patrol with certified police officer Mark Stokes on or about March 5th, 2018. He observed the defendant operating a vehicle. He observed the defendant commit two traffic violations, one under 545.104 and one under 545.101. He conducted a legal traffic stop of the defendant.
> State's Exhibit 3. The traffic stop was made initially for the purposes of potential traffic violations by this defendant.
>
> State's Exhibit 3 does not show anything in the parking lot on the video.
>
> Officer Mark Stokes -- Certified Police Officer Mark Stokes also testified truthfully. He observed the same traffic violations that Officer Cotton saw.
>
> The defendant appeared to be moving and seeming fidgety to Officer Cotten. Officer Cotten upon approaching the vehicle had -- the vehicle had one occupant, it was the defendant. Officer Cotten observed a small black pouch next to the driver's seat within arm's reach of the defendant. It appeared from the testimony the black pouch has appeared to be consistent with small black pouches Officer Cotten has seen before containing illegal narcotics.
>
> The defendant, Trinidad Alvarado, voluntarily gave

---

[3] "RR" is the Reporter's Record of transcripts of the underlying trial proceedings. The several volumes of the reporter's record are on the docket of this case at ECF Nos, 22-3 through 22-9.

Officer Cotten consent to search the vehicle. Upon searching the vehicle, Officer Cotten located the black pouch. Inside the black pouch, Officer Cotten found a white crystal substance consistent, in his training and experience, with methamphetamine.

Before conducting the search, the defendant was detained outside of the -- of his vehicle in front of Officer Cotten and Stokes' patrol unit. The defendant was arrested at the scene for possession of methamphetamine.

The defendant expressed a willingness to talk to a narcotics officer to Officer Cotten. Officer Cotten contacted a narcotics officer, Ralph Stevenson. Ralph Stevenson testified truthfully. Ralph Stevenson met with the defendant. He read the defendant the defendant's *Miranda*[4] rights. The defendant was not promised anything at that time for his statement. Defendant was not threatened or coerced in exchange for his statement. The defendant was not denied any basic needs. He was not held for an extended period of time. The defendant never asked for a lawyer or made a request to stop the interview.

There was no coercion of the defendant. The -- the defendant understood his *Miranda* rights. Based upon the totality of the testimony from Officer Cotten, Stokes, and Officer Stevenson, and based upon the recording of the defendant's conversation with Ralph Stevenson as admitted in State's Exhibit 5, defendant intentionally and knowingly and voluntarily waived his Miranda rights and voluntarily spoke with Officer Stevenson.

Therefore, based upon the totality of the testimony so far, the defendant's motion to suppress evidence is denied.

4 RR 61-63, ECF No. 22-6.

---

[4]*Miranda v. Arizona*, 384 U.S. 436 (1966).

    2.    <u>Supreme Court precedent on Voluntary Pleas and Trial Court Error</u>

A habeas petitioner bears the burden of proving that his confession was involuntary. *See Uresti v. Lynaugh*, 821 F.2d 1099, 1103 (5th Cir. 1987). To do so, he must show that it was induced by governmental coercion. *Colorado v. Connelly*, 479 U.S. 157, 163–64 (1986); *Self v. Collins*, 973 F.2d 1198, 1205 (5th Cir. 1992). And where a state court's fact and credibility findings support its ruling on voluntariness, the petitioner must rebut those findings with clear and convincing evidence. *See* 28 U.S.C. § 2254(d); *Marshall v. Lonberger*, 459 U.S. 422, 433–41 (1983); *Soffar v. Cockrell*, 300 F.3d 588, 592 (5th Cir. 1002) (en banc). "Cases in which a defendant can make a colorable argument that a self-incriminating statement was 'compelled' despite the fact that law enforcement authorities adhered to the dictates of Miranda are rare." *Berkemer v. McCarty*, 468 U.S. 420, 433 n.20 (1984).

And even if a petitioner establishes trial court error, to prevail on his claim, he must also establish that "the error 'had substantial and injurious effect or influence in determining the jury's verdict.'" *Brecht*, 507 U.S. at 637 (citing *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). In other words, relief is contingent upon a showing of "actual prejudice." *Id.* (citing *United States v. Lane*, 474 U.S. 438, 449 (1986)).

    3.    <u>The Rejection of Ground 3 is Consistent with Supreme Court Precedent</u>

The record contains no evidence of official coercion. It includes testimony from two officers that Alvarado was read his *Miranda* rights prior to providing his statement. After indicating that he understood his rights, Alvarado voluntarily waived them, to admit that the bag found on the ground was his, that he had methamphetamine and that he was on his way to deliver it to someone. 4 RR 14–19, ECF No. 22-6. During the conversation, he never indicated that he did not want to talk or that he would like to have an attorney present. *Id.* at 15. Petitioner's basic needs were provided for during the interrogation. *Id.*

15

But Alvarado claims he could not have invoked his *Miranda* rights for fear of forfeiting the confidential-informant deal he was offered. Brief 36, ECF No. 1. Officer Stephenson did not, however, offer to dismiss Alvarado's charges for admitting his guilt. For dismissal, Alvarado had to act as a confidential informant; that is, he had to lead the police to three other people with the same or more methamphetamine. While it appears Alvarado did not fulfill his end of the deal, he still tries to collect his reward by arguing the deal was too good to pass up. No matter the deal, however, Alvarado does not claim that it undermined his understanding of the rights he was waiving.

Alvarado also fails to identify any case where the Supreme Court has held that a potential confidential-informant deal negates a *Miranda* waiver. In fact, many courts have held similar inducements are insufficiently coercive to violate the Fifth Amendment. *See e.g., United States v. Ornelas-Rodriguez*, 12 F.3d 1339, 1347 (5th Cir. 1994) (confession voluntary even though police explained advantages of cooperation); *United States v. Ruggles*, 70 F.3d 262, 265–66 (2d Cir. 1995) (confession voluntary despite promise of leniency if defendant cooperated with law enforcement); *United States v. Harris*, 914 F.2d 927, 933 (7th Cir. 1990) (confession voluntary even though police solicited the confession by offering to reduce charges); *United States v. Willard*, 919 F.2d 606, 608 (9th Cir. 1990) (confession voluntary even though police told defendant they would recommend leniency and cooperation would be known to the U.,S. Attorney).

As Alvarado fails to demonstrate that the state court's rejection of Ground 3 was unreasonable or inconsistent with Supreme Court precedent, § 2254(d) precludes relief. Thus, to the extent the Court considers the merits of Ground 3, it must be denied.

    4.    <u>Supreme Court Precedent Also Requires Rejection of Ground 4</u>.

In Ground 4, it appears Alvarado takes issue with the trial court's findings as set out above. But he fails to provide any evidence—beyond

his own provocations—refuting the trial judge's findings. Brief 36–37, ECF No. 1. Moreover, as the trial court issued the above findings outside the presence of the jury, Alvarado cannot show that they had any impact on the jury's verdict, much less the "substantial and injurious" one required for relief. *See Brecht*, 507 U.S. at 637. The state court's denial of relief was reasonable. Accordingly, relief is not available on Ground 4.

## CONCLUSION

For the above reasons, it is **ORDERED** that Trinidad Alvarado's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **20th day** of **June 2024.**

*[signature]*

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE